Reed, J.,
delivered thfe opinion of the court.
A large number of errors are assigned, many going to the admission and refusal of evidence in establishing the extent of the damage sustained, others going to the instructions of the court. The case has been ably and exhaustively argued by counsel. The court limited the evidence to the period of six years before action brought. The plaintiff testified that in 1884 seepage destroyed about one acre, in 1885 about three or four acres.
The first contention of counsel for appellant is, the fact having been established of the injuries having commenced seven or eight years before bringing the action, no action could be maintained, and that the court erred in holding that the action was based upon a continuing nuisance, and that *344 damages were recoverable for six years preceding the bringing of the action. Many authorities are cited in favor of the contention,- — most of them from the state of Iowa, two from the state of Illinois. In Van Pelt v. City of Davenport, 42 Iowa, 308, cited by counsel, the question was in no way involved nor adjudicated.
In Stodghill v. Railroad Co., 53 Iowa, 341, plaintiff was the owner of land crossed by a natural stream; the railroad company built an embankment, dug a new channel and permanently diverted the stream from the land of plaintiff. The court very properly held that the damage was entire and susceptible of recovery immediately upon the permanent diversion of the stream, and that the plaintiff could not divide his claim, and maintain successive actions.
In Simpson v. Keokuk, 34 Iowa, 568, cited by counsel, no such question was raised.
The case of Powers v. Council Bluffs, 45 Iowa, 652, comes nearer than anj'- other from that state in sustaining the contention, if only the syllabus is looked to. Indian creek, a crooked living stream of water, meandered the street of the city. The city changed its course by cutting a ditch on the side of the street and diverting across the front of lots owned by the plaintiff. The court held that' when the ditch was dug and water diverted all the damage had been sustained and an action would then lie, that there was no subsequent and continuing damage, and the statute commenced to run a,t the date of the diversion and. the action barred in five years. In principle this case is not distinguishable from Stodghill v. Railroad, (supra). The ease is carefully considered and the distinction drawn which takes the case at bar out of the decision in that.
The court says, “ The only question in this case is as to the character of the damage. Was it as it accrued from day to day new damage? If so, the plaintiff was entitled under the evidence to recover some damages, although his right of action as to apart of the-damages sustained might be barred. We have to distinguish then between what must be regarded *345 as original damages'and what may be regarded as new damages.”
Van Orsdol v. Railroad, 56 Iowa, 470, was suit brought for the diversion of a stream in the construction of the railroad, whereby sand and earth were washed upon and deposited on plaintiff’s land. The defendant, as in this case, contended that the injury complained of occurred in 1873 when the railroad was built, and that the action was barred by the statute of limitations. The evidence showed that no damage occurred until 1876, and the court held that the statute did not run until the damage was done.
In Railroad Co. v. McAuley, 121 Ill. 160, counsel seem to have overlooked one important part of the decision; the court in discriminating between a permanent injury where the whole damage occurred at the date of the act and a continuous injury or nuisance says, “The continuance of the injurious acts is considered a new nuisance for which a fresh action will lie; and although the original cause of action is barred, damages may be recovered for the continuance of the nuisance,” citing with approval Wood on Limitations, 371; Thompson v. Reed, 48 Ill. 118; though discussing the statute of limitations was in regard to bill for board and has no bearing upon the question under discussion.
Counsel cite Gould on Waters, sec. 416 ; but an examination-shows it only relates to permanent injury complete when the act is done, not to a continuing .trespass or nuisance.
If the contention of counsel is adopted there can be no recovery in cases of this character; taking the line of authorities relied upon we would find that the cause of action accrued at the time the ditch was excavated; at that time there was no damage to compensate, nor could it have been- foreseen that in the future, water percolating from the ditch and by subterranean channels or courses, upon the surface of the underlying rock, seeking a lower level, would find a basin where the further drainage would be stopped and a large body of subterranean water accumulating from year to year would ultimately extend to the surface and destroy a large *346 portion of the farm. The damages being long subsequent to the building of a ditch, and the injury arising from causes impossible to have been foreseen, the extent of the injury impossible to determine, it follows that at the time of the construction there was no cause of action, and no recovery could have been had, nor after two or three years when the injury became apparent and three or four acres of land had been destroyed could the damage sustained and prospective damage, have been recovered, as contended, in a single action, from the impossibility of knowing the extent of subsequent injury. It will be apparent, that the damage arose from the other class of injuries.
No suit could have been maintained until some actual injury was caused to the plaintiff by the water, resulting from the improper construction of the ditch. The right to ■construct and operate the ditch had been-granted. No damage could have been recovered for the construction, but all unforeseen and resulting damage from its operation and improper construction and continuance could be recovered. Wash, on Eas. & Serv. 591.
In 3 Black. Com. 220, it is said, that every continuance of a nuisance is a new one for which a fresh action will lie. The leading English-cases sustaining this doctrine are Holmes v. Wilson, 10 Adolph. & El. 503; and Bowyer v. Cook, 4 Man. G. & S. 236.
In 1 Wms. Saund. 20, note 1, it is said “ The continuing of a trespass from day to day is considered in law a several trespass on each day.” See Battishill v. Reed, 18 Com. B. 696; and Stroyan v. Knowles, 6 Hurl, and Nor. 454.
In Whitehouse v. Fellows, 10 Com. B. 765, it was said : “ If the cause of action be, not the doing of the thing, but the resulting of damage only, the period of limitation is to be computed from the time when the plaintiff sustained the injury.”
But few of the leading American authorities out of the great mass need be cited.
The distinction between the two classes of injuries are fully *347 discussed, in Gould on Water Rights, sec. 428; Wood on Nuisance, secs. 858 to 856, and Wood on Limitations of Actions, sec. 180.
Of state decisions, see Delaware & R. Canal Co. v. Lee, 2 Zab. (N. J.) 243, where that court held “ An actionable nuisance may be caused by an act perfectly lawful in itself when the nuisance complained of is only a consequence of that act.” It was also held “ The statute of limitations is no bar to allowing damages done within six years, by a nuisance erected before the six years, in case where the nuisance has not been so long continued as to raise presumption of a grant.” See also Butler v. Peck, 16 Ohio St. 334; Valley Railroad Co. v. Franz, 43 Ohio St. 623 ; Troy v. Cheshire R. Co., 23 N. H. 83; Cumberland Canal Co. v. Hitchings, 65 Me. 140.
The conclusions reached are: 1st. That the court did not err in its application of the statute of limitations in restricting it to the six years preceding the bringing of the action.
2d. That the injury being one that could not be foreseen nor the damage estimated, no cause of action arose from the construction of the ditch, such act being lawful, and a cause or causes of action only arose subsequently, in which damage to the time of the bringing of suit, only, could be recovered.
3d. That the nuisance or trespass was continuous, and the subsequent damage continually being incurred, that the ditch company were liable until the nuisance was abated and the cause of damage removed.
4th. That successive suits might be brought and maintained for the damages sustained subsequent to the former recovery.
In Sedg. on Dam. 2d ed. 241, it is said, “Every continuance of a nuisance is held to be a fresh one, and therefore a fresh action will lie.” Cited with approval in Whitehouse v. Fellows, 10 Com. B. (N. S.) 765; see also 3 Black. Com. 220; Delaware & R. Canal Co. v. Wright, 1 Zab. (N. J.) 469 ; Vedder v. Vedder, 3 Denio (N. Y.), 257.
The law of continuing nuisances and continuing trespasses is, admittedly, the same.
The case of D. C. I. & W. Co. v. Middaugh, 12 Colo. 434, *348 cannot, as supposed by counsel, be considered as conclusive of this case. There is enough in that opinion to take this ease out of its operation; it is said, “ It follows that appellee should have been limited in his recovery to such injuries as resulted from negligence or want of care in the construction of appellant’s ditch and reservoir or in the subsequent use of the same, and it was error to permit the jury to consider and allow damages for seepage and leakage not resulting from such negligence or want of care.” This puts the decision in harmony with the great number of American decisions, and also the English cases. In Whitehouse v. Fellows, 10 C. B. (N. S.) 765, it was said by the learned court “But if * * * the damage which accrued to the plaintiff was caused by the negligence of the defendants, they would be responsible.”
This case was put fairly upon negligence in constructing the ditch and its subsequent operation. Undoubtedly in the Middaugh Case the law was properly applied to the facts proved, but in all of this class of cases each case must depend upon its own facts as established.
In nearly all of this class of cases the condemnation proceedings aud award of damages precede the construction,— presume the work will be properly constructed and operated. The doctrine contended for would be monstrous. To hold that by reason of damages allowed for right of way and what inconvenience and detriment could be foreseen, a party was concluded and barred from the recovery of damages unforeseen, and arising from faulty construction and want of proper protection, would be to hold, in effect, that by the purchase of a right of way, the purchaser became the owner of the entire estate and that if the line of the canal was upon the line of the higher part of the farm, the entire farm could be made subservient and be destroyed with impunity, because, if it could be held to cover one or five acres destroyed, there would be no limit except the extent of the tract.
, In England the rule is well and concisely stated in Lancashire R. Co. v. Evans, 15 Beav. 322, to be that the ordinary damage is included in the assessment but that “my future *349 extraordinary damage is not intended to be included in it.” See also Lawrence v. Great North R. Co., 16 Q. B. 643; and the Rex v. Subs. R., 3 Ad. & E. 683. American authorities are in harmony with it.
Counsel cite and rely upon Mills on Em. Dom. sec. 116, “ All damages are presumed to have been considered in the assessment,” but failed to turn to sec. 117, “ Damages arising after-wards, unforeseen damage,” where the text and numerous authorities fully sustain the conclusion we reach. See Eaton v. Boston & M. R., 51 N. H. 504, where it is said: “ The fact that the parties making the assessment, did no.t, or could not anticipate the damage, does not include the light to dam-, ages.”
“Such damages may be recovered by common law action, if not within the purview of the parties making the assessment.” Eaton v. Boston & M. R., (supra); Calhoun v. Palmer, 8 Gratt. (Va.) 88; Whitworth v. Packett, 2 Gratt. (Va.) 528.
“The fact that the loss was not suffered within a short, time after the construction of the road, does not make it any the less a taking. The testimony must depend upon the injurious effect and not on the length of time necessary to produce the effect.” Eaton v. Boston & M. R. Co., (supra); Wabash Canal Co. v. Spears, 16 Ind. 441.
The amount of compensation for land taken, and damage to balance of the estate, was submitted to arbitration, an award made and the amount accepted.
It is urged that this is conclusive and that such award anticipated and covered all future damage. It would be sufficient to say that the subsequent damages arising from the contingency of the peculiar character could not have been foreseen, anticipated or considered. That it was not considered or anticipated was shown by the evidence of one of the, arbitrators. A further sufficient answer would be that no such element of damage was embraced in the submission of award.
It is contended at great length in argument, that the plain *350 tiff could riot maintain his action because the property injured had been conveyed by deed of trust to secure borrowed money. No proof was made nor was there any plea or issue. So far as the record is concerned it seems to have rested entirely upon a statement of the fact to the court by counsel for appellant during the trial. The evidence showed appellee to have been in possession, previous to and during the time the injuries occurred, and still in the possession at the bringing of suit and trial, which was sufficient in an action of trespass against a party not asserting title. This principle is so well settled that authorities in its support are hardly necessary, but see: Carney v. Reed, 11 Ind. 417; Look v. Norton, 55 Me. 103; Chicago v. McGraw, 75 Ill. 566; Darling v. Kelly, 113 Mass. 29; Bac. Abrid. Title, Trespass; Waterman oh Tres. sec. 772.
It is also urged that the court erred in regard to the proper measure of damages, and improperly admitted evidence of the value of the land destroyed and the subsequent depreciation of the entire estate by reason of the injury. In cases of this kind several different methods may be adopted to furnish the jury data upon which to base a verdict; 1st. The depreciated value of the estate by reason of the trespass.
2d. The rental value of the land.
3d. The destruction of crops and value of the use of the land to the proprietor.
Neither is held proper to the exclusion of others. The true rule seems to have been stated in Seely v. Alden, 61 Pa. St. 302.
“ In general the rule for the measure of damages in cases of tort, may be said to be that which aims at actual compensation for the injury,, and whatever ascertains this, is proper evidence to be submitted to the jury.” See: The Colo. Con. L. & W. Co. v. Hartman, recently decided in this court, 5 Colo. App.. 150, and authorities cited.
In this case evidence of crops lost, the value of the use of the land to the owner during the time, or the rental value, was sufficient to warrant the verdict. We cannot know whether *351 the destruction of the land and diminished value of the estate was considered by the jury at all in estimating the damages
We do not think there was any serious error in the court’s instructions given, or in its refusal to give those asked, or that any serious error occurred upon the trial to warrant a reversal of the judgment.

Affirmed.